IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-00534-CMA-NRN

NIA M. BARNETT,

    Plaintiff,

v.

LORRAINE K. BARNETT,
THE ESTATE OF MARK BARNETT,
THE ESTATE OF HAZEL (HARRIET) KERRY,
PRO BONO MISSIONS, INC., & all businesses and enterprises associated with/managed by LORRAINE BARNETT, and
LEE BARNETT JR.

    Defendants.

---

## ORDER DENYING MOTION FOR POST-JUDGMENT RELIEF
---

This matter is before the Court on Plaintiff Nia Barnett's "Request for Post Trial Relief." (Doc. # 76.) For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

The Court incorporates its previous recitation of the background of this case as stated in its Order Denying Motion for Default Judgment. (Doc. # 75.) On March 13, 2023, the Court denied Plaintiff's Motion for Default Judgment, concluding that (1) Plaintiff had not secured a Clerk's entry of Default against Defendants the Estate of Mark Barnett, the Estate of Hazel (Harriet) Kerry, Pro Bono Missions, Inc., and any other "business[] and enterprise[] associated with/managed by Lorraine Barnett;" and

(2) the Court lacked personal jurisdiction over Defendants Lorraine and Lee Barnett. (*Id.* at 5–9.) The Court further concluded that Plaintiff should not be granted leave to amend her Complaint because she had repeatedly failed to cure deficiencies by five previous amendments. (*Id.* at 9–10.) On March 16, 2023, Plaintiff filed the instant motion for "post trial relief" which the Court construes as a motion for reconsideration.[1] (Doc. # 76.)

## II.   LEGAL STANDARD

### A.   *PRO SE* STANDARD OF REVIEW

Because Plainitff is proceeding *pro se*, the Court "review[s her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a party]'s arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110; *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Further, *pro se* litigants are

---

[1] The Court notes that there has not been a trial in this matter.

still subject to the Federal Rules of Civil Procedure. *Abdelsamed v. Colorado*, 6 F. App'x 771, 772 (10th Cir. 2001).

## B.     RECONSIDERATION

The Federal Rules of Civil Procedure[2] do not explicitly authorize a motion for reconsideration. However, a litigant subject to an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Because Plaintiff proceeds *pro se*, the Court will analyze Plaintiff's Motion under both legal standards. *Nero v. Am. Fam. Mut. Ins. Co.*, 11-cv-02717-PAB-MJW, 2013 WL 5323147, at *2 (D. Colo. Sept. 23, 2013) (examining motion for relief from judgment under Rule 59(e) and Rule 60(b) where the motion was timely filed).

### 1.     Rule 59(e)

A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e); *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The Tenth Circuit recognizes three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent

---

[2] The Court notes that Plaintiff cites the Colorado Rules of Civil Procedure as the basis for her motion. (Doc. # 76 at 1–2.) However, as Plaintiff brought her claim in Federal Court, the Federal Rules of Civil Procedure Apply.

manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243; *see also Servants of the Paraclete*, 204 F.3d at 1012 ("Absent extraordinary circumstances ... the basis for the second motion must not have been available at the time the first motion was filed."). "In addition, 'arguments raised for the first time in a motion for reconsideration are not properly before the Court and generally need not be addressed.'" *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (quoting *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 2007)).

  2. <u>Rule 60(b)</u>

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect[.]" *See Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete*, 204 F.3d at 1009. Rule 60 relief is discretionary and is available only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted or when it 'offends justice' to deny such relief." *Johnson v. Ward*, No. 20-cv-00447-PAB-MEH, 2021 WL 2222713, at *1 (D. Colo. June 2, 2021). "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be

preserved." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, J., dissenting).

### III.     ANALYSIS

Plaintiff argues that the Court erred in concluding that it lacked personal jurisdiction over Defendants Lorraine and Lee Barnett.[3] (Doc. # 76 at 2–6.) Specifically, Plaintiff points to the Colorado Supreme Court case *Parocha v. Parocha*, 418 P.3d 523 (Colo. 2018). In *Parocha*, the Supreme Court concluded that

> an out-of-state party's harassment of, threatening of, or attempt to coerce an individual known by the non-resident to be located in Colorado . . . creates a sufficient nexus between the out-of-state party and this state to satisfy the requisite minimum contacts such that the exercise of jurisdiction to enter a protection order comports with traditional notions of fair play and substantial justice.

418 P.3d at 525. Plaintiff argues that because she has alleged that Defendant Lorraine Barnett continued to harass and threaten her after she arrived in Colorado, the facts and issues in the instant case are substantially similar to those of *Parocha*. (Doc. # 76 at 2–6.) Thus, she argues this Court should find that it has personal jurisdiction over Defendants Lorraine and Lee Barnett. (*Id.*)

However, the Court concludes that its previous analysis was not clearly erroneous. The material difference between *Parocha* and the instant case is that, in *Parocha*, the parties presented more than conclusory allegations of defendant's actions directed at the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

---

[3] Plaintiff raises no arguments related to the Court's conclusion that default judgment was inappropriate against the other Defendants due to lack of a clerk's entry of Default. Therefore, the Court does not address that aspect of its previous Order. (Doc. # 75 at 5–6.)

(1985) (explaining that "random, fortuitous, or attenuated contacts" or the "unilateral activity of another party or a third person" are insufficient to establish that the defendant purposefully availed itself of the forum); *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998) (stating that although a court reviewing the sufficiency of a complaint presumes plaintiff's factual allegations are true, the court need not accept conclusory allegations without supporting factual averments); *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1194 (Colo. 2005) ("[T]he actions of the defendant giving rise to the litigation must have created a 'substantial connection' with the forum state.").

In *Parocha*, both plaintiff and defendant testified that "during the months [plaintiff] was in Colorado, [defendant] contacted [plaintiff] daily—often several times a day . . . ." 418 P.3d at 526. Further, the parties testified that, following plaintiff expressing her desire to remain in Colorado, defendant responded by "tell[ing plaintiff] in a series of FaceTime phone calls, emails, and texts on December 5, 2016, that he would 'make' her come back to New Jersey." *Id.* Based on this testimonial evidence, the state trial court concluded that defendant had contacts with Colorado including agreeing that plaintiff and their child would live in the state for three months, and having frequent contact with plaintiff—some of which plaintiff perceived as harassing and threatening based on a history of abuse—while plaintiff was in Colorado. *Id.*

In comparison, the Court concluded that in the instant case "all Plaintiff's allegations of torts and crimes committed by 'Lorraine et al,' are conclusory." (Doc. # 75 at 9.) Unlike the direct contact at issue in *Parocha*—where the defendant repeatedly

6

called and texted plaintiff while she was in Colorado—the only direct contacts to Colorado that Plaintiff alleges in her Complaint are several phone calls with Lee Barnett between October 3 and October 12, 2022. (Doc. # 51 at 25–26.) Plaintiff does not describe these conversations as harassing or threatening in nature. (*Id.*) Rather than alleging direct contacts in Colorado, Plaintiff repeatedly alleges, in a conclusory fashion, that "Lorraine K. Barnett et al [sic], **facilitated, and encouraged others** to participate in a campaign to negatively impact the mental health of the plaintiff . . . ." (Doc. # 51 at 5 (emphasis added.))

As the Court explained in its previous Order, "Plaintiff admits Defendant Lorraine Barnett is located in New Jersey, and Plaintiff has not provided any factual allegations or evidence to support her claims that Defendant Lorraine Barnett is directing individuals in Colorado." (Doc. # 75 at 9.) Without such specific supporting factual averments that make Plaintiff's conclusory allegations plausible, Plaintiff has failed to demonstrate that Defendants Lorraine and Lee Barnett have had minimum contacts with Colorado. *See Burger King*, 471 U.S. at 475. Therefore, the Court reaffirms its prior conclusion that it lacks personal jurisdiction over Defendants Lorraine and Lee Barnett.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's "Request for Post Trial Relief" (Doc. # 76) is DENIED.

DATED: April 14, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge